UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SUSAN KAUFMAN

VERSUS

AMCOL SYSTEMS, INC. ET AL.

CIVIL ACTION

NO. 16-693-EWD (CONSENT)

**<u>RULING ON MOTION FOR SUMMARY JUDGMENT</u>**[1]

Before the Court is a Motion for Summary Judgment[2] filed by defendant, Baton Rouge General Medical Center ("Baton Rouge General," or "General Health System").[3] The Motion for Summary Judgment is opposed by plaintiff, Susan Kaufman ("Plaintiff"),[4] and Baton Rouge General has filed a Reply.[5] For the reasons set forth herein, the Motion for Summary Judgment[6] is **GRANTED** and all of Plaintiff's remaining claims in this lawsuit are **DISMISSED WITH PREJUDICE**.

I. Background

Plaintiff originally filed this suit in Baton Rouge City Court alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA"). Per her

---

[1] Plaintiff settled with the other defendant originally named in her Petition, Amcol Systems, Inc. ("Amcol") and Amcol was dismissed in December 20, 2016. R. Doc. 9. On September 28, 2017, the remaining parties filed a Consent to Proceed Before a United States Magistrate Judge wherein they consented "to have a United States Magistrate Judge conduct any and all further proceedings in the case, including but not limited to the trial of the case, and order the entry of judgment in the case." R. Doc. 21. An Order of Reference referring this matter to the undersigned "for the conduct of all further proceedings and the entry of judgment in accordance with 28 USC 636(c) was signed by the District Judge on September 29, 2017. R. Doc. 22.

[2] R. Doc. 28.

[3] Plaintiff's original Petition names "General Health System" as a defendant. R. Doc. 1-1. On June 15, 2017, "Baton Rouge General Medical Center (named in the Petition as General Health System and sometimes hereinafter referred to as 'Baton Rouge General')" answered the Petition and admitted it is the entity referred to in paragraph 3 of Plaintiff's Petition. R. Doc. 18, ¶ 3.

[4] R. Doc. 33.

[5] R. Doc. 36.

[6] R. Doc. 28.

Petition, Plaintiff named two defendants, Amcol and General Health Systems, and alleged that "defendants" had violated various provisions of 15 U.S.C. § 1681s-2 (the provision of the FCRA setting out duties imposed upon "furnishers of information") as well as 15 U.S.C. § 1692g (a provision of the FDCPA). While the majority of Plaintiff's Petition is directed to both defendants and generally cites to the provisions of the FCRA and FDCPA, Plaintiff provides the following factual allegations:

> Defendant General Health System refused to file a proper claim under Plaintiff's health insurance policy after Plaintiff gave Defendant General Health System her health insurance policy information. Because General Health System failed to file a claim as required by Louisiana law, General Health System reported Plaintiff to Amcol Systems, Inc. for collection.[7]

Following Amcol's removal of the case to this Court pursuant to 28 U.S.C. § 1331, Amcol filed a Notice of Settlement[8] and Plaintiff filed a Stipulation of Dismissal with Prejudice stipulating to the dismissal of her claims against Amcol.[9] Thereafter, the District Judge approved the stipulation and dismissed all claims against Amcol with prejudice.[10] Per the instant Motion for Summary Judgment, Baton Rouge General seeks dismissal of all of Plaintiff's remaining claims against it. Baton Rouge General argues that it is not a "debt collector" for purposes of the FDCPA and that, with respect to claims against it arising under the FCRA, it is not a "furnisher of information." Even assuming, *arguendo*, that it could be considered a furnisher of information for purposes of the FCRA, Baton Rouge General argues there is no private right of action under 15

---

[7] R. Doc. 1-1, ¶ 12.

[8] R. Doc. 5.

[9] R. Doc. 8. Plaintiff additionally stated that "General Health System is not being dismissed with this Stipulation." R. Doc. 8.

[10] R. Doc. 9.

U.S.C. § 1681s-2(a), and that under 15 U.S.C. §1681s-2(b), Plaintiff cannot meet her burden of showing that the requisite notice was provided to trigger Baton Rouge General's duties.

## II. Law and Analysis

### A. Summary Judgment Standard

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[11] A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[12] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[13] This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.[14] Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[15] Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment

---

[11] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).

[12] *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.

[13] *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

[14] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[15] *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552.

in favor of the non-moving party.[16] In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[17]

### B. Plaintiff's Claim Under the FDCPA

In her opposition to the Motion for Summary Judgment, Plaintiff concedes that "[b]ecause General Health System's primary function is not debt collection, there cannot be a violation of the FDCPA by them. Because Amcol Systems has been removed from this case by stipulation of the parties after a settlement was reached, there are no remaining parties to the present case which violated the FDCPA."[18] Any claims Plaintiff has asserted against General Health System under the FDCPA are dismissed with prejudice.

### C. Plaintiff's Claim Under the FCRA

"The Fair Credit Reporting Act imposes duties on consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies ('furnisher')….Section 1681s–2 delineates the furnishers' obligations, and they include (a) duties to provide accurate information and (b) duties that are triggered when a credit reporting agency notifies the furnisher of a dispute."[19] Here, even assuming *arguendo* that Baton Rouge General would be a "furnisher of information"[20] for purposes of § 1681s-2, because Plaintiff cannot sustain

---

[16] *Little*, 37 F.3d at 1075.

[17] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

[18] R. Doc. 33, p. 3.

[19] *Desselle, III v. Ford Motor Credit Company, LLC*, Civil Action No. 14-1147, 2014 WL 4635545, at * 2 (E.D. La. Sept. 15, 2014) (citing 15 U.S.C. § 1681s–2(a) & (b)).

[20] "While the FCRA fails to define 'furnisher of information,'" other courts have defined the term as an "entity which transmits information concerning a particular debt owed by a consumer to a consumer reporting agency." *Thomasson v. Bank One, Louisiana, N.A.*, 137 F.Supp.2d 721, 723 (E.D. La. 2001) (quoting *Carney v. Experian Info. Solutions, Inc.*, 57 F.Supp.2d 496, 502 (W.D. Tenn. 1999)). In opposition to the Motion for Summary Judgment, Plaintiff asserts that "Amcol Systems acted as the agent of General Health Systems in providing the inaccurate information and at all times was acting on behalf of General Health System in reporting this inaccurate information to the credit reporting agencies." R. Doc. 33, p. 3. Baton Rouge General asserts in its briefing that "any potential funds recovered from the

her claim under either § 1681s-2(a) or § 1681s-2(b), the Court finds summary judgment in favor of Baton Rouge General is warranted.

With respect to § 1681s-2(a), courts in this Circuit uniformly hold that "there is no private right of action to enforce the duty of furnishers of information to provide accurate information under subsection (a) of section 1681s-2 of the federal act."[21] Plaintiff's briefing in opposition to the Motion for Summary Judgment does not address this clear precedent, and the undersigned has found no basis to deviate therefrom. Like the many courts which have previously considered the question, the Court here finds that 15 U.S.C. § 1681s-2(c)(1) precludes Plaintiff's private right of action for any alleged violations of § 1681s-2(a).[22]

Unlike section 1681s-2(a), "[t]he Fair Credit Reporting Act creates a private cause of action to enforce § 1681s-2(b)."[23] "Section 1681s–2(b) explains a furnisher's responsibilities after a credit reporting agency has notified the furnisher of a consumer dispute regarding information provided by the furnisher. Upon receiving notice of a dispute, the furnisher is to conduct an

---

debt would have been the sole property of AMCOL. Baton Rouge General transferred all rights it may have had against the plaintiff to AMCOL Systems." R. Doc. 36, pp. 3-4. Baton Rouge General's Statement of Uncontested Material Facts provides that "Baton Rouge General Medical Center assigned the debt to AMCOL Systems, Inc.," and such fact is deemed admitted under Local Civil Rule 56(b), there is no further evidence regarding the relationship between Amcol and Baton Rouge General. It is the Plaintiff's burden to establish that AMCOL was acting as Baton Rouge General's agent. *See*, *e.g.*, *Hamar v. Ashland, Inc.*, 211 Fed. Appx. 309, 311 (5th Cir. 2006) ("The burden of proving an agency relationship is on the party asserting it…"). Plaintiff's statement in her briefing fails to meet this burden.

[21] *McLean v. Big Dog Group, LLC*, Civil Action No. 15-40, 2016 WL 3211514, at * 11 (M.D. La. March 11, 2016). *See also*, *Desselle,* 2014 WL 4635545, at * 3 (explaining that "[s]ections 1681n & o outline civil liability for noncompliance of the FCRA, but section 1681s–2(c) specifies that those sections do not apply to 1681s–2(a)" and that "[o]ther courts also routinely recognize the plain language of the FCRA and aver that there is no private right of action under 15 U.S.C. § 1681s–2(a).") (collecting cases); *Chen v. Shellpoint Mortgage Servicing, Inc.*, Civil Action No. 18-4367, 2018 WL 3819870, at * 2 (E.D. La. Aug. 10, 2018) ("Defendant correctly points out that 'there is no private right of action under Section 1681s-2(a)….'").

[22] 15 U.S.C. § 1681s-2(c)(1) states that "[e]xcept as provided in section 1681s(c)(1)(B)," which is not relevant here, "sections 1681n and sections 1681o of this title do not apply to any violation of – (1) subsection (a) of this section, including any regulations issued thereunder." 15 U.S.C. § 1681n provides for civil liability for "willful noncompliance" with the FCRA while 15 U.S.C. § 1681o provides for civil liability for "negligent noncompliance."

[23] *Jett v. American Home Mortgage Servicing Incorporated*, 614 Fed. Appx. 711, 713 (5th Cir. June 10, 2015) (unpublished).

5

investigation and report the results to the appropriate consumer reporting agencies."[24] "To recover under section 1681s–2(b), a Plaintiff must demonstrate that (1) she notified a consumer reporting agency of inaccurate information; (2) the consumer reporting agency notified the Defendant of the dispute; and (3) the Defendant failed to conduct an investigation, correct any inaccuracies and failed to notify the consumer reporting agency of the results of the investigation."[25]

"It is a prerequisite to investigative action that the furnisher receive some type of notice from the consumer reporting agency."[26] Pursuant to 15 U.S.C. § 1681s-2(b)(1), duties are imposed on furnishers of information "[a]fter receiving notice pursuant to section 1681i(a)(2) …." 15 U.S.C. § 1681i(a)(2) in turn provides that "[b]efore the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person." Considering these statutory provisions, the Fifth Circuit has explained that in order to trigger a furnisher of information's duties under §1681s-2(b), the credit reporting agency must provide notice of the dispute to the furnisher of information "within five business days from the time the consumer notices the consumer reporting agency of the dispute,"[27] and that "any private right of action [the consumer] may have under § 1681s-2(b) would

---

[24] *Desselle*, 2014 WL 4635545, at * 3.

[25] *Bacharach v. Sun Trust Mortgage, Inc.*, Civil Action No. 14-962, 2015 WL 1897653, at * 3 (E.D. La. April 27, 2015) (citing *Richard v. Equifax, Inc.*, No. 4:14–CV–2519, 2014 WL 7335034, at *2 (S.D.Tex. Dec. 17, 2014)).

[26] *McLean*, 2016 WL 3211514, at * 12 (citing 15 U.S.C. § 1681s-2(b)(1); *Taylor v. Chase Auto Financial Corp.*, 850 F. Supp.2d 637, 642 (N.D. Miss. 2012) ("To plausibly state a FCRA claim against Chase, Plaintiff would have to allege that a consumer reporting agency gave notice of Plaintiff's dispute to Chase, as a furnisher."); *Young v. Equifax Credit Information Services, Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (stating that "notice is necessary to trigger the furnisher's duties under Section 1681s-2(b)").

[27] *Young v. Equifax Credit Information Services, Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (citing 15 U.S.C. § 1681i(a)(2)).

require proof that a *consumer reporting agency*…had notified [the furnisher of information] pursuant to § 1681i(a)(2)."[28] Where a plaintiff can point to no evidence tending to prove that a furnisher of information "received notice of a dispute from a consumer reporting agency within five days, as is required to trigger [the furnisher's] duties under Section 1681s-2(b)…[plaintiff's] FCRA claims fail as a matter of law."[29] In *Young*, because plaintiff had "not pleaded nor proffered evidence that [the furnisher] received the notice pursuant to Section 1681i(a)(2) that would give rise to duties under Section 1681s-2(b)," the Fifth Circuit affirmed summary judgment in favor of the furnisher of information.[30]

Here, in response Baton Rouge General's assertion that Plaintiff "is unable to provide any proof that Baton Rouge General ever received the requisite notice from a consumer agency,"[31] Plaintiff only asserts that "[b]ecause she did report the inaccurate information directly to General Health System, Mrs. Kaufman does possess a private right of action under 15 U.S.C. § 1681s-2(b)…."[32] Although the parties dispute whether Plaintiff actually provided any notice to Baton Rouge General,[33] the dispute is not material. Even if Plaintiff did provide such notice directly to Baton Rouge General, that is not sufficient to trigger a furnisher of information's duties under §

---

[28] *Young*, 294 F.3d at 639. Emphasis in original. *See also*, *Desselle*, 2014 WL 4635545, at * 3 ("a consumer's private right of action under 15 USC § 1681s-2(b) requires proof that the credit reporting agency had notified the furnisher of a dispute.").

[29] *Young*, 294 F.3d at 640. *See also*, *Chen*, 2018 WL 3819870, at * 3 (granting Motion for Judgment on the Pleadings under Rule 12(c) and explaining that "[i]n the instant matter, Plaintiff has failed to identify any evidence of notice from a consumer reporting agency. Thus, Plaintiff's claim under § 1681s-2(b) of the FCRA must fail as a matter of law.").

[30] *Young*, 294 F.3d at 640 (affirming district court's grant of summary judgment).

[31] R. Doc. 28-1, p. 9.

[32] R. Doc. 33, p. 3.

[33] *Compare*, R. Doc. 28-1, p. 2 ("**There is no evidence whatsoever that Ms. Kaufman ever sent any letter to Baton Rouge General**.") (Emphasis in original); *with* R. Doc. 33, p. 1 ("Mrs. Kaufman also called Baton Rouge Rehab Hospital about the derogatory information and wrote a letter.") and R. Docs. 33-2 and 33-3.

1681s-2(b). To find otherwise is not in keeping with the controlling law of this Circuit,[34] nor is it consistent with the statutory language of the FCRA.[35] At least one court in this Circuit has consistently held that a consumer's notification to the furnisher of information of a dispute does not meet the requirements of the statute.[36] Plaintiff has failed to submit any evidence that any consumer reporting agency contacted Baton Rouge General at any time.[37] In light of Plaintiff's burden to establish such notice and her failure to proffer any evidence tending to indicate such

---

[34] *See*, *Young*, *supra*.

[35] 15 U.S.C. §§ 1681s-2(b)(1) and 1681i(a)(2).

[36] *Desselle*, 2014 WL 4635545, at * 4 (granting motion to dismiss FCRA claim and explaining "[plaintiff] does not allege that the three credit reporting agencies notified Ford Credit [the furnisher of information] of the dispute. He merely asserts that he himself notified the three credit reporting agencies and Ford Credit, and that Ford Credit failed to timely respond or investigate the inquiries. Desselle therefore fails to state a claim as a matter of law because notice given by the credit reporting agency to the furnisher is necessary to trigger the furnisher's duties under section 1681 s–2(b), and Desselle alleges no such facts in his Complaint."); *McKendall v. Ditech Financial, LLC*, Civil Action No. 17-11835, 2018 WL 3632366, at * 6 (E.D. La. July 30, 2018) (explaining that "to survive summary judgment on his Section 1681s-2(b) claim, [plaintiff] must satisfy this threshold 'notice element' by demonstrating that, after he notified a credit reporting agency about his dispute, the credit reporting agency then notified Ditech" and granting summary judgment dismissing FCRA claims with prejudice where, despite plaintiff's allegation that an unspecified credit agency forwarded the dispute to Ditech, plaintiff had "not specified which credit reporting agency forwarded information about his dispute to Ditech or provided proof thereof" and therefore had "failed to proffer evidence that those agencies subsequently gave the requisite notice to Ditech.") (citing *Desselle* and *Fagan v. Lawrence Nathan Associates, Inc.*, 957 F.Supp.2d 784, 799 (E.D. La. July 9, 2013) ("any private right of action created by the FCRA requires a consumer to notify the consumer reporting agency, rather than the furnisher of information directly, who then gives notice of the dispute to the furnisher of information.").

[37] Plaintiff has not moved for, nor even indicated, a need for additional discovery to oppose defendant's summary judgment. *See*, FRCP 56(d). Instead, Plaintiff argues, without citing any support, that notice provided by the consumer directly to the furnisher of information is legally sufficient. Additionally, the only evidence submitted by Plaintiff that even arguably addresses contact with a consumer reporting agency regarding the debt in question is a "Direct Dispute" form with TransUnion. R. Doc. 33-1. That form does appear to reference former defendant Amcol. However, Baton Rouge General is not referenced on the form, and as noted above, Plaintiff has submitted no evidence to carry her burden of establishing that Amcol was Baton Rouge General's agent. Nothing on the Direct Dispute form suggests that a credit reporting agency gave the required notice to Baton Rouge General. Further, there is nothing in any of the documentation submitted to suggest that notice was provided to Baton Rouge General within the statutory five-day period. *See*, *Young*, 294 F.3d at 640 ("Young points to no evidence tending to prove that Penney received notice of a dispute from a consumer reporting agency within five days, as required to trigger Penney's duties under Section 1681s-2(b)."); 15 U.S.C. § 1681i(a)(2)(A) (setting out five day period starting from "date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller…."). Per Plaintiff's affidavit, she states that she filed a dispute with Credit Karma on January 16, 2015. R. Doc. 33-3, ¶ 3. Even assuming, *arguendo*, that Amcol was Baton Rouge General's agent and that Direct Dispute form provided the required notice to Amcol, the Direct Dispute form is dated February 1, 2016, well past the five-day statutory period.

notice occurred, summary judgment in favor of Baton Rouge General on Plaintiff's FCRA claims is warranted.[38]

## II. Conclusion

For the reasons set forth herein, the Motion for Summary Judgment[39] is **GRANTED**. **IT IS HEREBY ORDERED** that Plaintiff's claims against General Health System are **DISMISSED WITH PREJUDICE**.

Because all remaining claims against the only remaining defendant in this suit are dismissed with prejudice, **IT IS FURTHER ORDERED** that Plaintiff's suit is **DISMISSED WITH PREJUDICE**.

Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on September 21, 2018.

	ERIN WILDER-DOOMES
	UNITED STATES MAGISTRATE JUDGE

---

[38] *See*, *Young*, *supra*; *McKendall*, 2018 WL 3632366, at * 6.
[39] R. Doc. 28.